### ORR v. HERRING.

1. Where, for a period of more than seven years, the only entries upon an execution issued from the superior court were two made on the same day, the one acknowledging receipt of costs from the plaintiff in execution, and the other receipt of costs from the defendant in execution, both signed " W. S. Askew, former sheriff," such entries were not sufficient to prevent the dormancy of the judgment upon which the execution issued. An ex-sheriff is not an officer authorized to execute and return the execution, and consequently an entry by him does not meet the requirements of section 2914 of the code. It has no force derived from or depending upon his official character. His capacity to act, except as a mere individual, in receiving money, no longer existed.

2. Evidence tending to show that the costs receipted for in such entries were due to the person signing the same as "former sheriff," and that the entries themselves were made in the presence and by the consent of both the plaintiff and the defendant in execution, was properly rejected, because, even if true, the judgment, under the provisions of the above cited section, would nevertheless be dormant.                                          *Judgment affirmed.*

February 9, 1893.

Before Judge HARRIS.    Coweta superior court. March term, 1892.

Claim was interposed by Herring to the levy of an execution issued from the superior court on a judgment of September 12, 1876, in favor of Orr against Morrow. The execution was rejected as evidence, on claimant's objection that it appeared to be dormant, and the levy was dismissed; to which rulings the plaintiff excepted. The material facts appear in the head-notes.

J. B. S. DAVIS and ATKINSON & HALL, for plaintiff.
McCLENDON & FREEMAN, by brief, *contra.*